CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 5 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE BAKER, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:06-cv-00559 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NORTHWESTERN REGIONAL | ) | By: Samuel G. Wilson |
| ADULT DETENTION CENTER | ) | United States District Judge |
| ADMINISTRATION, et al., | ) | |
|     Defendants. | ) | |

Plaintiff Christopher Lee Baker, a Virginia inmate proceeding pro se, brings this action for damages and injunctive relief under 42 U.S.C. § 1983 against the Northwestern Regional Adult Detention Center ("NRADC") Administration, Fred Hildebrand, and Bruce Conovers.[1] Baker claims that the defendants violated his Fourteenth Amendment rights by punishing him more severely than similarly situated inmates. For the reasons stated, the court dismisses Baker's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## I.

Baker alleges that while at NRADC, he received his second institutional infraction and was given the maximum punishment of 60 days lock down, 60 days loss of privileges, 60 days loss of "good time," and 30 days without his bed or property. Baker complains that when other inmates at the same facility received their second infraction, they only receive 15 days of lock down. Baker grieved the differential treatment on several occasions, and he received responses from the prison officials informing him that they were not discriminating against him, that different circumstances

---

[1] The court notes that the Northwestern Regional Adult Detention Center Administration is not a proper defendant in a 42 U.S.C. § 1983; however, the court will not ask Baker to amend his complaint because his allegations fail to state a cognizable constitutional claim.

[2] Under 28 U.S.C. § 1915A(b)(1), the court shall dismiss a complaint if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

and charges were involved, and that his charges were more severe than other prisoners' charges.

## II.

To establish an equal protection violation, a plaintiff must first demonstrate that he or she has been "treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination;" once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Because Baker cannot demonstrate any of the requisite conditions to a cognizable claim, his equal protection claim fails.

While Baker does allege that he was treated differently from the "other" prisoners with regard to his punishment for his second institutional infraction, he has not reasonably demonstrated that he was similarly situated to those prisoners. Further, though he alleges in his complaint that these prisoners were given lesser punishments for their second infractions, conclusory allegations of disparities are insufficient to state a claim. Spaulding v. Dixon, et al., 1990 U.S. App. LEXIS 15560, *2 (4th Cir. 1990); Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D. Va. 1974). Baker does not allege that these other prisoners' second infractions were of the same level of severity, circumstances, or degree of involvement as his second infraction nor that he and the other prisoners have substantially similar disciplinary records. Further, Baker does not show, or even allege, that the unequal treatment was the result of intentional or purposeful discrimination. Therefore, Baker has failed to state a cognizable claim for relief under 42 U.S.C. 1983.[3]

---

[3] Moreover, even if plaintiff could state a cognizable claim by meeting the two-part test discussed infra, Baker still cannot show that the disparity in treatment was not justified under a rational basis standard of scrutiny. "[W]hile a prisoner does not forfeit his constitutional right to equal protection by the fact he has been convicted of a crime and imprisoned, claims under the equal protection clause...must be analyzed in light of the special security and management concerns in the prison system." Morrison, 239 F.3d at 655. "Ordinarily, when a state regulation or

2

## III.

For the reasons stated, the court dismisses Baker's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff and to the counsel of record for the defendants.

**ENTER:** This 25th day of September, 2006.

United States District Judge

---

policy is challenged under Equal Protection Clause, unless it involved a fundamental right or suspect class, it is presumed to be valid and will be sustained if there us a rational relationship between the disparity of treatment and some legitimate governmental purpose." Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002) (quoting Heller v. Doe, 509 U.S. 312, 319-20 (1993)). Baker's case does not involve any fundamental right and he does not allege that he has been discriminated against on the basis of a suspect class. Furthermore, prison safety and security are legitimate penological interest, and NRADC's disciplinary procedures and punishments are more than rationally related to these interests–they are inextricably intertwined. See Sandin v. Conner, 515 U.S. 472 (1995); Veney, 293 F.3d at 733. Consequently, Baker cannot show an unjustified disparity in treatment and, therefore, his equal protection claim fails.

3